**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT R. MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:26-cv-00403 (UNA) |
| v. | ) | |
| | ) | |
| UNITED STATES PATENT | ) | |
| AND TRADEMARK OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants Plaintiff's *in forma pauperis* Application, and for the reasons explained below, this matter is dismissed without prejudice.

Plaintiff sues the U.S. Patent and Trademark Office ("USPTO"). The Complaint is not a model of clarity. Although Plaintiff, at times, goes on at length about the nature of his invention and its associated patent application, it appears that what he *actually* challenges is the deactivation of his online USPTO portal account. He does not explain the reason why the account was deactivated, but he insinuates that it had to do with the length of his submissions. He asks that this Court order USPTO to reactive his online account.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v.*

*CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).   "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).  The instant Complaint falls squarely into this category.

Second, it is completely unclear under what, if any, legal authority Plaintiff relies on to establish subject matter jurisdiction, or to more generally bring this lawsuit, but the Court acknowledges that the Administrative Procedure Act ("APA") waives the sovereign immunity of the United States for certain claims against federal agencies.  *See* 5 U.S.C.  §§ 701–06.  But under the APA, a "final agency action" is necessary prior to judicial review, and there is no indication that Plaintiff has received any such determination.  *See* 5 U.S.C. § 704; *McCoy v. Cardamone*, 646 F. Supp. 1143, 1144–45 (D.D.C. 1986).  Here, there is no indication that Plaintiff has even reached out to the USPTO to request reactivating his account, which it appears he may attempt to do himself or with USPTO's assistance, *see* USPTO, MyUSPTO and USPTO.gov account FAQs, Categories: Self-Activate & Reactivate; Account Maintenance; Customer Support, available at https://www.uspto.gov/learning-and-resources/account-faqs (last visited May 22, 2026),[1] or, assuming that Plaintiff verified the cause of the deactivation was some type of sanction, that he challenged that decision with the USPTO's Director, or that he otherwise administratively appealed, *see* 37 CFR §§ 1.181, 2.146.

---

[1]     The Court may take judicial notice of information from official public websites of government agencies. *See Cannon v. Dist. of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013).

As pleaded, it is unclear what obligation, if any, the USPTO has under the APA, or any other authority, to comply with Plaintiff's demands regarding his online account, nor does Plaintiff cite to any law to show that this Court has authority to direct that discrete agency action. For these reasons, the Court dismisses this action without prejudice. An Order accompanies this Memorandum Opinion.


DATE: May 26, 2026                                    /s/ CHRISTOPHER R. COOPER
                                                     United States District Judge